**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOHN E. ADAMS,                                                                    PLAINTIFF
ADC #86010

v.                                                5:14CV00150-KGB-JTK

ERICA RAYNER, et al.                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

Kristine G. Baker. Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a hearing

is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.      Introduction

Plaintiff John Adams is a state inmate incarcerated at the Tucker Unit of the Arkansas Department of Correction (ADC), who filed this pro se 42 U.S.C. § 1983 action against Defendants Rayner, Williams, Emsweller, and Lowe.  (Doc. No. 1.)  By Order dated May 19, 2014, this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit, and provided him the opportunity to file an Amended Complaint, noting that an Amended Complaint would render the Original Complaint without legal effect. (Doc. No. 4.) Plaintiff has now filed an Amended Complaint against Defendants (Doc. No. 5).  Having reviewed such, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

## II.     Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are

legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

## III.   Facts and Analysis

Plaintiff alleges that Defendant Rayner improperly wrote a disciplinary charge against him,

in retaliation for the fact that he stopped allowing her to "eat out of [his] box." (Doc. No. 5, p. 5.)

He also claims the disciplinary charge and subsequent conviction were improper because he suffers

from COPD, has trouble breathing, and cannot obey commands as quickly as others.  (Id., pp. 4-6.)

Defendant Emsweller failed to adequately investigate the disciplinary charge; as a result, Plaintiff

was found guilty, reduced in class, and forfeited 134 days of good time.  (Id.)  Defendant Rowe

failed to reverse the decision on appeal and Warden Williams disregarded the information provided

by the medical director concerning Plaintiff's medical condition.  (Id., p. 7.)  After Plaintiff filed a

grievance against Defendant Rayner, Plaintiff was improperly moved further from the infirmary,

despite doctor's instructions to keep him as close to the infirmary as possible.  (Id., p. 8.)  Finally,

Plaintiff claims that Defendant Rayner is involved in improper relationships and activities.  (Id., pp.

8-9.)  Plaintiff asks for damages from Defendants.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983,

Plaintiff must allege that a person acting under the color of state law deprived him of some

Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118

(E.D.MO 1993).  First, the Court finds that Plaintiff fails to state a claim upon which relief may be

granted with respect to his allegation of retaliation, because he does not allege that Defendants

retaliated against him for the exercise of a Constitutional right.  See Madewell v. Roberts, 909 F.2d

1203, 1206 (8th Cir. 1990) (otherwise proper acts by prison officials may be actionable under section

1983 if done in retaliation for the exercise of a constitutionally-protected right.)  In this case, Plaintiff

does not allege that Rayner filed the disciplinary charge against him in retaliation for filing a

grievance against her, or for any other Constitutionally-protected activity.  (The grievance attached

to his Complaint was filed after the disciplinary charge was issued.)  Rather, he speculates that her

4

action was motivated by his decision not to allow her to "eat out of [his] box." (Doc. No. 5, p. 5.) Conclusory and speculative allegations of retaliation do not support a Constitutional claim for relief. Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996).

In addition, Plaintiff's allegations against Defendants Emsweller, Williams and Lowe, based on their failure to investigate or to overturn his conviction on appeal, also do not support a Constitutional claim for relief. "Failure to follow state law and conduct an independent investigation does not implicate Plaintiff's federal Due Process rights." Rahman X v. Franklin, No. 5:09cv00186 SWW/BD, 2009 WL 2986375, citing Cass v. Clark, 206 Fed.Appx. 608 (8th Cir. 2006) (per curiam).

The Court also finds that Plaintiff's claim for damages due to an alleged improper disciplinary charge/conviction fails under Heck v. Humphrey, 512 U.S. 477, 486-7 (1994). In Heck, the court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment or sentence, no damages claim exists unless the conviction is reversed, expunged or call into question by issuance of a federal writ of habeas corpus. This holding in was extended to disciplinary situations where inmates lose good time credits, in Edwards v. Balisok, 520 U.S. 641, 648 (1997). In Balisok, the Court held that the plaintiff could not pursue a section 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted in his loss of good time credits. The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessarily to imply the invalidity of" those proceedings. Id., 520 U.S. at 645. The Court also held that its decision was not affected by the fact that plaintiff did not seek credit for the loss of good-time. And, in Sheldon v. Hundley, the Court held, "a prisoner cannot bring a § 1983

claim challenging a disciplinary proceeding resulting in a loss of good-time credits before successfully invalidating the disciplinary ruling." 83 F.3d 231, 232 (8th Cir. 1996).

In this particular case, although Plaintiff does not seek restoration of his good time credits, he does seek damages, and the Court finds that a judgment in his favor would necessarily imply the invalidity of the conviction. Therefore, since it has not been reversed, expunged, or called into question, Plaintiff's claim for damages should be dismissed.

Finally, his remaining allegations against Defendant Rayner, concerning her alleged improper activities and relationships, do not support a Constitutional claim for relief. And any allegations of harassment should also be dismissed. The "constitution does not protect against all intrusions on one's peace of mind. Fear of emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997), quoting Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991).

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

---

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

     3.     The Court certify that an <u>in</u> <u>forma</u> <u>pauperis</u> appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

     IT IS SO RECOMMENDED this 27th day of June, 2014.

_____
 JEROME T. KEARNEY
 UNITED STATES MAGISTRATE JUDGE